**STATE OF LOUISIANA**              *         NO. 2021-K-0485

**VERSUS**                          *

                                              **COURT OF APPEAL**

**ARTHUR WILLIAMS**                 *

                                              **FOURTH CIRCUIT**

                                    *

                                              **STATE OF LOUISIANA**

                            * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 396-904, SECTION "DIVISON E"
Judge Rhonda Goode-Douglas,
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins,
Judge Paula A. Brown)


**LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART AND
ASSIGNS REASONS**


Jason Rogers Williams
District Attorney Orleans Parish
G. Benjamin Cohen
Chief of Appeals
Orleans Parish District Attorney's Office
619 S. White St.
New Orleans, LA 70119
        COUNSEL FOR STATE OF LOUISIANA


                              **WRIT GRANTED; REMANDED
                              SEPTEMBER 29, 2021**

Relator, Arthur Williams ("Relator"), seeks review of the district court's judgment, which denied his motion to correct illegal sentence imposed in 1999, pursuant to La. R.S. 15:308. For the reasons that follow, we grant Relator's writ application and remand this matter to the district court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

In May of 1999, a jury found Relator guilty of armed robbery. Subsequently, the district court adjudicated Relator a third felony offender based upon prior convictions of second offense possession of marijuana and possession of cocaine, two nonviolent offenses. In September of 1999, the district court sentenced Relator to life imprisonment without benefit of parole. This court affirmed. *State v. Williams*, unpub. 00-2148 (La. App. 4 Cir. 11/7/01), *writ denied*, 02-0174 (La. 2/14/03), 836 So. 2d 135.

On January 20, 2012, counsel for Relator filed a motion to correct an illegal sentence. The district court denied the motion on April 20, 2012, and Relator filed

1

an appeal. On review, this Court converted the appeal to a supervisory writ, and the writ was denied. *State v. Williams*, 12-1092 (La. App. 4 Cir. 4/24/13), 115 So.3d 702, *writ denied*, 13-1195 (La. 11/22/13), 126 So.3d 478.

On October 21, 2020, Relator filed a motion to correct an illegal sentence. Relator alleged that on September 24, 1999, he was sentenced, in Orleans Parish Criminal District, as a multiple/third time felony offender to life imprisonment under La. R.S. 15:529.1, the habitual offender statute. Relator argued that pursuant to ameliorative legislation enacted in 2016 and codified in La. R.S. 15:308, and as recognized in *State ex rel. Esteen v. State*, 16-0949 (La. 1/3/0/18), 239 So.3d 233[1], he is entitled to the appointment of counsel and resentencing to a legal term.

In response, the State argued that the 2001 legislation did not "ameliorate" Relator's circumstances. The State contended that Relator's case was not "ripe" because he "was convicted a subsequent time after his release . . . ." In support, the State offered into evidence a bill of information reflecting that Relator was charged, in 2019, with aggravated second degree battery in St. John the Baptist Parish.

On July 14, 2021, the district court denied Relator's motion, and this timely writ application followed.

---

[1] *Esteen* held that if a defendant's sentence was no longer authorized by law under La. R.S. 15:308, which retroactively applies ameliorative sentencing provisions enacted in 2001, then a defendant could seek relief by filing a motion to correct an illegal sentence in the district court.

**DISCUSSION**

Relator argues that the life sentence imposed against him in 1999 pursuant to the habitual offender statute, La. R.S. 15:529.1, was rendered illegal by ameliorative legislation enacted in 2006, codified in La. R.S. 15:308, and recognized in *State ex rel. Esteen v. State*, 16-0949 (La. 1/30/18), 239 So.3d 233. Thus, Relator contends the district court erred in finding that he is not entitled to resentencing.

In 1999, when Relator was convicted of armed robbery and adjudicated a third felony offender, La. R.S. 15:529.1 provided in pertinent part as follows:

> A. (1) Any person who, after having been convicted within this state of a felony … thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
>
> (b) If the third felon is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
>
> * * *
>
> (ii) If the third felony **or either of** the two prior felonies is a felony defined as a crime of violence under La. R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (emphasis added).

The predicate felonies charged in Relator's habitual offender bill, which is attached to Relator's motion to correct illegal sentence, are possession of marijuana, second offense, and possession of cocaine, nonviolent crimes. At that time, possession of cocaine was punishable by more than five years imprisonment; and Relator's armed robbery conviction is a crime of violence. Thus, under the relevant habitual offender provision in effect at that time, Relator was legally

sentenced to life imprisonment without benefits. However, under the more lenient sentencing provisions enacted in 2001, made retroactive by La. R.S. 15:308, the relevant habitual offender provision mandates a life sentence only if the third felony *and* **the two prior felonies** be crimes of violence or violations of the Uniform Controlled Dangerous Substances Law punishable by **ten years** or more.[2]

After a hearing on Relator's motion to correct illegal sentence, the district court found that based on his predicate offenses, "[Relator] would still be subject to a life sentence as a third felony offender under the more lenient sentencing laws that took effect in 2001."

Review of the record shows the bill of information from the 40th Judicial District, offered by the State in opposition to Relator's motion, reflect that on April 24, 2019, while Arthur Williams was serving a life sentence, **Arthur Williams, Jr**. was charged and convicted of aggravated second-degree battery. On March 3, 2020, Arthur Williams Jr., was sentenced as a multiple/second time offender to 24-years imprisonment. Due to the discrepancy, this Court ordered the district court to file a *per curiam* to clarify whether Relator was subsequently charged and convicted of aggravated second-degree battery on April 24, 2019. In response, the district court confirmed that "[t]he record shows no charge and/or conviction [against Relator] for aggravated second-degree battery associated with this case."[3]

---

[2] The 2001 legislation also amended the relevant habitual offender provision to include a prior felony defined as a sex offense under La. R.S. 15:541.

[3] This Court further ordered that State to file a response to clarify whether Relator and Arthur Williams Jr., were the same person. The State did not file a response.

4

Because Relator was convicted of armed robbery and two nonviolent offenses, possession of marijuana and possession of cocaine, and was not subsequently convicted of a second crime of violence (aggravated second-degree battery) as alleged by the State, Relator is no longer subject to a mandatory life sentence. The more lenient sentencing provision that now applies to Relator provides that "[t]he person shall be sentenced to imprisonment for a determinate term not less than one-half of the longest possible sentence for the [third felony] conviction and not more than twice the longest possible sentence prescribed for a first conviction." La. R.S. 15:529.1(A).

Thus, pursuant to the ameliorative sentencing provisions in La. R.S. 15:308, and in consideration of Relator's predicate offenses charged in the 1999 habitual offender bill, Relator is no longer subject to a life sentence as a third felony offender and is entitled to relief. Accordingly, this court finds that the district court erred in finding that Relator was still subject to a mandatory life sentence under the ameliorative sentencing provisions enacted in 2001 and codified in La. R.S. 15:308, and in denying his motion to correct an illegal sentence.

## CONCLUSION

Based on the foregoing reasons, we grant Relator's writ application and remand this case to the district court for the appointment of counsel and resentencing to a legal term in accordance with R.S. 15:308 and the relevant provision of La. R.S. 15:529.1.

**WRIT GRANTED; REMANDED**

5